IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHEL PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv131 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 11, the Motion to Dismiss filed by the named defendant, the Douglas County Sheriff's Department. The plaintiff Michel Payne, asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that officers of the Sheriff's Department, together with Omaha police officers and others, broke into the plaintiff's home claiming to be searching for a bank robber who was not present there. The officers broke down the plaintiff's door and shot and killed the family dog, with the plaintiff's 10-year old son present in the house.

The defendant alleges two reasons why this case should be dismissed. First, the Sheriff's Department is not a proper party and cannot be sued in its own name. However, construing the complaint liberally, the intended defendant is Douglas County, Nebraska, which oversees the Sheriff's Department and is responsible for its operations. The Sheriff's Department itself and other departments or units within the County lack the capacity to sue or be sued in their own names.

The defendant also alleges that the Rooker-Feldman doctrine bars this action because the plaintiff filed an identical claim with the County Court of Douglas County, and the case was dismissed for failure to comply with the Nebraska Political Subdivisions Tort Claims Act. Whatever the effect of the County Court action may be, it does not bar this action under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517, 1521-22 (2005).

Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law. The Full Faith and Credit Act, 28 U.S.C. § 1738, originally enacted in 1790, ch. 11, 1 Stat. 122, requires the federal court to "give the same preclusive effect to a state-court

judgment as another court of that State would give." .... Preclusion, of course, is not a jurisdictional matter. See Fed. Rule Civ. Proc. 8(c) (listing res judicata as an affirmative defense). In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court.

Nor does § 1257 stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." ....

Id. at 1526-27 (citations omitted).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

In light of that strict standard, filing no. 11, the defendant's Motion to Dismiss, is denied. The Clerk of Court shall modify the records of this action to substitute Douglas County, Nebraska as the defendant. The defendant shall answer the complaint forthwith.

SO ORDERED.

DATED this 8th day of November, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

2