IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHEL PAYNE, | ) | |
| | ) | 8:05CV131 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| DOUGLAS COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Douglas County's (hereinafter, "the County's") motion for summary judgment. Filing No. 19. This is an action for deprivation of constitutional rights pursuant to 42 U.S.C. § 1983. Jurisdiction is premised on 28 U.S.C. § 1331. In his pro se complaint, Michel Payne alleges he was deprived of his constitutional rights to be free from unreasonable searches and seizures and from use of excessive force by Douglas County Sheriffs who mistakenly executed a search warrant at the wrong house and shot and killed his dog in the presence of his young son.

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Id.*

The County's summary judgment motion is based on its contention that Payne has settled a claim with the County arising out of the incident at issue and has released the County from further liability. The Settlement and Release has been submitted in support

of the motion. Filing No. 21, Index of Evidence, Exhibit 2 (hereinafter, "the release"). In the release, Payne agrees to "fully settle the tort claim filed by me against Douglas County on September 23, 2004, (as amended by me on October 22, 2004), for damage to my property allegedly caused by the Douglas County Sheriff's Office on July 2, 2004" in exchange for payment of $1,139.00. *Id.* Because the underlying claim documents were not submitted to the court, the court cannot ascertain the precise scope of the settled claim.

By its terms, however, the release refers only to damage to property. A constitutional tort claim under 42 U.S.C. § 1983 involves potential recovery of damages for other than property loss. A constitutional tort is not the same claim as a state law tort action for property damage. Accordingly, the County has not shown that the agreement with Payne releases it from liability for the alleged deprivation of constitutional rights. The County has not shown that there is no genuine issue of material fact with respect to the issue that it is entitled to judgment as a matter of law.

IT IS ORDERED that the County's motion for summary judgment (Filing No. 19) is denied.

DATED this 2nd day of June, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge