IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHEL PAYNE, | ) | |
| | ) | 8:05CV131 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| DOUGLAS COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     This matter is before the court on Douglas County's (hereinafter, "the County's") motion for summary judgment. Filing No. 36. This is an action for deprivation of constitutional rights pursuant to 42 U.S.C. § 1983. Jurisdiction is premised on 28 U.S.C. § 1331. In his pro se complaint, Michel Payne alleges he was deprived of his constitutional rights by Douglas County Sheriffs who shot and killed his dog in the presence of his young son during the execution of a search warrant at his home.

     On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995). Once defendant meets its initial burden of showing there is no genuine issue of material fact, plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. See Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he

or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Facts are viewed in the light most favorable to the nonmoving party, "in order to defeat a motion for summary judgment, the non-moving party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis University,* 167 F.3d 398, 401 (8th Cir. 1999); *Ghane v. West,* 148 F.3d 979, 981 (8th Cir. 1998). In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

The County's summary judgment motion is based on its contention that Payne has failed to present evidence that he was subjected to an unreasonable search by Douglas County Sheriffs. The County has presented evidence by affidavit that Omaha Police Officers, who were working with Douglas County Sheriff's deputies, entered the home and shot the dog. The County has also shown that the search was conducted pursuant to a warrant that had been issued based on representations in an affidavit that officers had a reasonable basis to believe were true. *See* Filing No. 38, Index of Evidence, Exhibit ("Ex.") 5, Affidavit of Timothy Dunning; Ex. 1, Certified copy of affidavit and application for a search warrant; Ex. 4, Omaha Police Department and Douglas County Sheriff's Department Reports.

Payne was granted an extension of time to June 16, 2007 to respond to the County's motion. No response has been filed.

The evidence submitted by the County shows that there is no genuine issue of material fact with respect to the identity of the person or persons who shot the dog and no genuine issue with respect to the legality of the search. Payne has not come forward with any evidence to show that a genuine issue of material fact exists. Accordingly, the County is entitled to judgment as a matter of law.

IT IS ORDERED that:

1. The defendant's motion for summary judgment (Filing No. 36) is granted.
2. A judgment in conformity with this Memorandum and Order will issue this date.

DATED this 3rd day of August, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge